IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONZURA PORCHE, )<br>No. B53779, )<br>   )<br>   Plaintiff, )<br>   )<br>   vs.   )<br>   )<br>STATE OF ILLINOIS, )<br>ROBINSON CORRECTIONAL CENTER, )<br>ROBINSON RECORDS OFFICE, )<br>WARDEN BROOKHEART, and )<br>MRS. HUDDLESON, )<br>   )<br>   Defendants. ) | Case No. 15-cv-01039-NJR |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Monzura Porche is an inmate currently housed in Robinson Correctional Center. Pursuant to 42 U.S.C. § 1983, Plaintiff brings this action for deprivations of his constitutional rights with respect to the execution of his Cook County criminal sentence(s).[1] Plaintiff seeks monetary damages for the infliction of cruel and unusual punishment, and the pain and suffering resulting from the incorrect calculation of his sentence.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. The Court is required to dismiss any portion of the complaint that is legally

---

[1] The complaint does not specifically identify the sentence(s) at issue, and the Illinois Department of Corrections' public website indicates that he is serving two sentences imposed by the circuit court for Cook County a six-year term for residential burglary imposed in 2012; and a six-year term imposed for residential burglary imposed in 2013. *See* https://www.illinois.gov/idoc/Offender/Pages/InmateSearch.aspx (last accessed Oct. 13, 2015).

frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton,* 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## Discussion

The complaint indicates that Plaintiff Porche was convicted of two charges of residential burglary, for which he received a six-year sentence in prison. According to Plaintiff, he was to be credited for 658 days spent in the county jail, but prison officials have failed to correct his mittimus to reflect his reduced sentence. Since entering the custody of the Illinois Department of Corrections, Porche has received four "orders," each with a different "out" date. By Plaintiff's calculation, he has already served more than 50% of his sentence and should be released.

Porche contends that his constitutional rights have been violated and that he should receive monetary compensation for "pain and suffering," and that he should also be credited for time served in the Cook County Jail. By implication, he is also seeking release from prison.

Plaintiff filed a similar civil rights action on July 22, 2015: *Porche v Hooks*, Case No. 15-cv-00793-MJR. By order dated September 28, 2015, that case was dismissed <u>with</u> prejudice

because Plaintiff had sued the Cook County judge who imposed the sentence(s), and the judge had absolute immunity from suit; as did the other named defendant, Porche's public defender. The Court also explained that a habeas corpus petition was the exclusive remedy insofar as he was seeking early release.

Before Case No. 15-cv-00793-MJR was dismissed, Plaintiff filed the present action for damages; therefore, he did not have the benefit of that order. Plaintiff acknowledges the existence of the earlier case (Doc. 1, p. 3), so the second case has not been opened in error. The two cases cannot be conflated because different defendants are involved, and the allegations are slightly different. The outcome, however, will be the same. The present case must be dismissed, although a slight variation in the pleading makes dismissal without prejudice appropriate.

The complaint is vague and lacking in several respects sufficient for dismissal pursuant to Federal Rule of Civil Procedure 8(a) and *Bell Atlantic Corp. v. Twombly*. As already noted, the sentence(s) at issue is not even identified. In addition, Defendant Brookheart is not mentioned in the narrative of the complaint. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). The State of Illinois, Robinson Correctional Center, and the Robinson Records Office are not "persons" subject to suit under 42 U.S.C. § 1983. These errors could be easily cured in an amended complaint, but that does not end the analysis.

In *Preiser v. Rodriguez,* 411 U.S. 475 (1973), the Supreme Court held that habeas corpus (28 U.S.C. § 2254) is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See also Heck v. Humphrey,* 512 U.S. 477, 481 (1994). The Court of Appeals for the Seventh Circuit has further explained, "[s]tate prisoners who want to challenge their convictions, their sentences, or

administrative orders revoking good-time credits or equivalent sentence-shortening devices, must seek habeas corpus, because they contest the fact or duration of custody." *Moran v. Sondalle,* 218 F.3d 647, 650–51 (7th Cir.2000). Consequently, Section 1983 cannot be used to alter Porche's sentence and secure release from prison. Similarly, damages in a Section 1983 suit are unavailable if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence. *Heck,* 512 U.S. at 486–87; *Edwards v. Balisok,* 520 U.S. 641, 645 (1997). *See also Rooding v. Peters,* 92 F.3d 578, 580–81 (7th Cir. 1996) (suit for damages under Section 1983 for miscalculation of sentence credits did not accrue until plaintiff prevailed in state mandamus action); *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (*Heck* precluded suit for damages under Section 1983 for alleged denial of due process in determination of sentence credit classification).

Dismissal of the complaint pursuant to the *Heck* doctrine is without prejudice (*see Polzin v. Gage,* 636 F.3d 834, 838–39 (7th Cir. 2011)).

## Recruitment of Counsel

Plaintiff has moved for recruitment of counsel (Doc. 2), explaining that he has only a grammar school education and lacks sufficient funds to retain counsel. The question now is whether the assistance of counsel could make a difference in light of the reasons the Court has given for dismissing this action under the *Heck* doctrine.

There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866–67 (7th Cir. 2013). When a *pro se* litigant submits a request for assistance of counsel, the Court

must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007)). If so, the Court must examine "whether the difficulty of the case—factually and legally—exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question ... is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The Court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

Plaintiff has not indicated that he has made any attempts to retain counsel. Furthermore, in this particular instance, the assistance of an attorney could not save this action from dismissal; it is clearly premature because Plaintiff has not been successful in altering his sentence via Section 2254 or a mandamus action. Plaintiff's motion for counsel (Doc. 2), therefore, will be denied.

### Motion for Leave to Appeal as a Pauper

Along with the complaint, Plaintiff filed a motion for leave to appeal *in forma pauperis* (Doc. 5). That motion was clearly premature at the time it was filed, since no decision had been rendered. Because Plaintiff has not filed a notice of appeal, the Court considers the motion to still be premature, so it will be denied without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that Plaintiff's motion for counsel (Doc. 2) is **DENIED without prejudice**; his motion for leave to appeal as a pauper (Doc. 5) is **DENIED without**

**prejudice**; and his motion for service of process at government expense is **DENIED as moot**. Plaintiff's motion for leave to proceed in the district court (Doc. 4) will be addressed by separate order.

**IT IS FURTHER ORDERED** that, for the reasons stated, the complaint, Defendants, and this action are **DISMISSED without prejudice**. Plaintiff shall not be assessed a "strike" for purposes of 28 U.S.C. § 1915(g). Judgment shall enter accordingly. Despite this dismissal, Plaintiff remains liable for the filing fee (*Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998)).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be non-meritorious, Plaintiff may accumulate a "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.

**IT IS SO ORDERED.**

**DATED:  October 14, 2015**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**